UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SAMUEL MARKOVICH, ET AL.                         CIVIL ACTION

VERSUS                                           NO:      13-5122

MANDEVLLE CITY, ET AL.                           SECTION: "B" (4)

## ORDER

On July 31, 2013, Defendants, the City of Mandeville, Louisiana; Donald J. Villere, in his

individual and official capacity as Mayor of the City of Mandeville; and Christopher Brown, in his

individual and official capacity as a Building Official of the Department of Planning and

Development for the City of Mandeville (collectively "Defendants") filed a **Motion for Expedited**

**Hearing on Motion to Quash Subpoena (R. Doc. 32),** seeking to expedite relief of its underlying

**Motion to Quash Subpoena to Testify at Deposition(R. Doc. 31**), on the grounds that the

allegedly improperly noticed depositions were to take place on August 1, 2014. Based on this time

frame, the Court finds that expedited relief of Defendants' motion is warranted. As such,

Defendants' **Motion for Expedited Hearing on Motion to Quash Subpoena (R. Doc. 32**) is

**GRANTED.**

As to the merits of its underlying motion to quash, Defendants argue that although the

presiding District Judge ordered the deposition of Christopher Brown to take place on July 31, 2014,

counsel for Plaintiffs allegedly claimed a conflict which did not permit for him to take Brown's

deposition on this date. *See* R. Doc. 31-1, p. 2.  Therefore, Defendants argue that counsel for

Plaintiffs sought to move the deposition dates of Brown, and an additional witness, Brown's

immediate supervisor, Louisette Kidd, to August 1, 2014. *Id.* Defendants contend that they informed

counsel for Plaintiffs that they were not available on August 1, 2014, but that they were available

during the week of August 11, 2014. *Id.* at 3. Despite the knowledge of Defendants unavailability

on August 1, 2014, Defendants contend that on July 30, 2014, Plaintiffs unilaterally noticed the

depositions of both Brown and Kidd for August 1, 2014. *Id.* at 2. Thus, on these grounds,

Defendants seek an Order from this Court quashing the deposition notices as to Brown and Kidd for

August 1.

Rule 45 governs the issuance of subpoenas, and provides that on timely motion, the issuing

court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter,

or otherwise subjects the subpoenaed person to undue burden.  Fed. R. Civ. P. 45(c)(3).  Under Rule

45(c)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable

steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ.

P. 45(c)(1).

Furthermore, Rule 45(c)(3) further provides that:

On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more
than 100 miles from where that person resides, is employed, or regularly
transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the
person may be commanded to attend a trial by traveling from any such place
within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception

or waiver applies; or

(iv) subjects a person to an undue burden.

Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv).

Here, the deposition notices of Brown and Kidd seek to proceed with depositions two days after service of the notice. *See* R. Doc. 31-4, R. Doc. 31-5. Although Rule 45 does not specify what amount of time is "reasonable," courts have ruled that a week or less is not sufficient notice pursuant to the rules. *Gulf Prod. Co., Inc., et al. v. Hoover Oilfield Supply, Inc., et al.,* No. 08-5016, 09-0104, 09-2779, 2011 WL 891027 at*3 (E.D. La. Mar. 11, 2011); *see e.g., Memorial Hospice, Inc. v. Norris*, 2008 WL 4844758 (N.D. Miss. Nov. 5, 2008)(finding that three days notice of deposition was clearly unreasonable).

Because Plaintiffs seek to take the depositions of these two witnesses two days after service of the notice of the depositions, the Court finds that the notices are unreasonable and contrary to Rule 45, and thus must be quashed.

Accordingly,

**IT IS ORDERED** that Defendants' **Motion for Expedited Hearing on Motion to Quash Subpoena (R. Doc. 32)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' **Motion to Quash Subpoena to Testify at Deposition(R. Doc. 31)** is **GRANTED.**

New Orleans, Louisiana, this 5th day of August 2014

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

3