UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAMUEL MARKOVICH AND**<br>**DIAMOND PROPERTIES NORTHSHORE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 13-5122** |
| **CITY OF MANDEVILLE, LOUISIANA,**<br>**ET AL.** | **SECTION B(4)** |

**ORDER AND REASONS**

### I. NATURE OF THE MOTION AND RELIEF SOUGHT

Before the Court is Plaintiffs' Motion for Partial Summary Judgment.[1] Defendants have filed an opposition.[2] Plaintiffs filed a reply.[3] The motion, set for submission on January 21, 2015, is before the Court without oral argument. Defendants filed a Motion to Stay proceedings pending resolution of appeals taken by the parties from state court rulings.[4] Plaintiffs have filed responses.[5] Accordingly, and for the reasons enumerated below,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Rec. Doc. No. 60) be **DENIED**.

**IT IS FURTHER ORDERED** that because Plaintiff has altogether failed to demonstrate: the deprivation of a clearly established federal right; the inapplicability of qualified immunity raised by

---

[1] Rec. Doc. No. 60.
[2] Rec. Doc. No. 65.
[3] Rec. Doc. No. 68.
[4] Rec. Doc. No. 72.
[5] Rec. Doc. No. 78, 83.

1

the individual Defendants; as well as the custom and policy required for municipal liability to attach, that this Section 1983 action be **DISMISSED WITH PREJUDICE.**

The Court, having dismissed Plaintiff's federal claims, **IT IS FURTHER ORDERED** that Plaintiff's remaining state-law claims be **DISMISSED** without prejudice.

Defendants' Motion to Stay (Rec. Doc. No. 72) and Ex/Parte Consent Motion for Leave to File Reply in Support of Motion of Stay (Rec. Doc. No. 84) are hereby **DISMISSED** as **MOOT**.

II.   **FACTS AND PROCEDURAL HISTORY**

This civil rights action arises out of the alleged selective enforcement of a zoning ordinance by the City of Mandeville and its officials.[6] Plaintiffs are Samuel Markovich ("Markovich") and Diamond Properties Northshore, LLC ("Diamond Properties").[7] Markovich is a commercial developer and landlord whose companies own properties in the City of Mandeville, and is a member of Diamond, which owns a shopping center in Mandeville, as well as Acadian Properties Northshore, LLC ("Acadian Northshore), which also owns property in the city.[8]

In the fall of 2011, the City of Mandeville notified Markovich that the dumpsters located at 3301 Highway 190 (a Dollar

---

[6] Rec. Doc. No. 1.
[7] Rec. Doc. No. 60-1 at 2.  Diamond Properties owns the properties located at 3327, 3329, 3331, 3337 Highway 190.
[8] Rec. Doc. No. 60-1 at 2.  Acadian Properties owns 725 North Causeway Boulevard.

2

Tree store) were not screened, in violation of city ordinance 9.28.[9] Markovich confirmed that the dumpsters behind his property were screened, and notified the City that his property was confused with the adjacent ones at the Dollar Tree, which were not.[10] Nonetheless, on December 14, 2011, Markovich was personally issued a citation by Christopher Brown ("Brown") and another notice of violation for the Dollar Tree property.[11]

In December 2011, Markovich was personally cited for failing to get an unspecified permit at 725 North Causeway Boulevard, a property owned by Diamond Properties.[12] Markovich met with the City's counsel and other officials to explain that the he did not own the property subject to the first citation, and that no work requiring a permit had been done on the property subject to the second citation.[13] Markovich did not attend court for hearing on these citations as he was under the impression the matters were settled.[14]

Subsequently, Mayor Don Villere requested Markovich's presence at a meeting regarding signage on another property.[15] On October 23, 2012, when Markovich arrived he was publicly arrested

---

[9] Rec. Doc. No. 60-1 at 2.
[10] Rec. Doc. No. 60-1 at 3. Markovich's property is located at 3337 Highway 190; the Dollar Tree is located at 3301 Highway 190.
[11] Rec. Doc. No. 6001- at 3.
[12] Rec. Doc. No. 60-1 at 3.
[13] Rec. Doc. No. 60-1 at 3.
[14] Rec. Doc. No. 60-1 at 3.
[15] Rec. Doc. No. 60-1 at 3.

on an outstanding warrant issued by the Mayor's court for dumpster violations and for failure to appear.[16] A year and a half later, the case was *nolle prossed* by the city prosecutor for lack of evidence.[17] However, the charges were reinstated in August 2014, and at trial in October 2014, Markovich was acquitted of the dumpster charge but found guilty of the permit violation and failure to appear.[18]

In August 2013, Plaintiffs filed this action asserting due process and equal protection constitutional claims under 42 U.S.C. § 1983, as well as state law claims for: defamation; tortious interference with business relations and diminution of property value; and, negligence against the City of Mandeville, Donald J. Villere (individually and in his official capcity as Mayor of the city of Mandeville), and Christopher Brown (individually and in his official capacity as Building Official of the Department of Planning and Development).[19]

Plaintiffs have moved for summary judgment that "Defendants have unconstitutionally deprived Markovich of his property and

---

[16] Rec. Doc. No. 60-1 at 4.
[17] Rec. Doc. No. 60-1 at 4.
[18] Rec. Doc. No. 60-1 at 5; Rec. Doc. No. 60-12 at 1. Markovich claims the Mayor personally notified the police of his presence.
[19] Rec. Doc. No. 1 at 10-16.

4

liberty," in violation of the U.S. Constitution and pursuant to 42 U.S.C. 1983.[20]

### III. LAW AND ANALYSIS

A. Su*mmary Judgment Standard*

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-2 (1986); *Little Liquid Air Cop.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). The Court must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir.1985).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l*

---

[20] Rec. Doc. No. 60 at 1.

*Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991).

Partial summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See F.D.I.C. v. Massingill,* 24 F.3d 768 (5th Cir. 1994).

> B. *Whether Plaintiffs are Entitled to Partial Summary Judgment in this Case*

Plaintiffs' claims are before the Court pursuant to 42 U.S.C. § 1983. However, Section 1983 "affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." 42 U.S.C. § 1983; *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981).

The precise contours of Plaintiff's claims are unclear. In the instant motion, Plaintiff discusses two claims: (1) deprivation of property and (2) deprivation of liberty.[21] Plaintiff appears to be asserting two constitutional claims under Section

---

[21] Rec. Doc. No. 60-1 at 7, 13.

6

1983: (1) an equal protection claim; and, (2) a substantive due process claim, both here and in the Original Complaint.[22]

### 1. Qualified Immunity

Defendants, Mayor Villere and Brown argue that Plaintiffs' Section 1983 claims are barred by qualified immunity. When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (citation omitted).

An official's qualified immunity is "an immunity from suit rather than a mere defense to liability." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009). The Fifth Circuit applies a two-pronged inquiry to determine whether qualified immunity is applicable in a given case. First, the court must determine whether the plaintiff has alleged a violation of a clearly established federal constitutional or statutory right. *See McClendon,* 305 F.3d at 323. Second, the court must determine whether the official's conduct was objectively reasonable in light of the clearly established legal rules at the time of the alleged violation. *Id*.

---

[22] Rec. Doc. No. 1 at 10-12.

7

The inquiry in the instant case is whether, assuming Plaintiffs' allegations to be true, Mayor Villere and Brown violated Markovich's constitutional rights that were clearly established at the time of their actions. *See Siegert v. Gilley,* 500 U.S. 226, 232–33, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).

Plaintiffs argue Defendants proceeded to cite, prosecute, and eventually arrest Marovich, with deliberate indifference to his protests on ownership of the dumpsters.[23] Plaintiffs identify Markovich's right to be free from a baseless citation, and the right to be treated similarly to other commercial property owners, as two rights violated by Defendants' actions.[24]

<u>*Existence of a Clearly Established Constitutional Right:*</u>
<u>*Substantive Due Process*</u>

Plaintiff claims to have been intentionally deprived of his liberty and publicly humiliated with an arrest for minor violations on property that he did not own.[25] A plaintiff who brings a substantive due process claim must: (1) allege a deprivation of a constitutionally protected right, and (2) he must demonstrate that the government action is not rationally related to a legitimate governmental interest. *Mikeska v. City of Galveston*, 451 F.3d 376, 379 (5th Cir. 2006); S*imi Inv. Co. v.*

---

[23] Rec. Doc. No. 68-2 at 4.
[24] Rec. Doc. No. 68-2 at 4.
[25] Rec. Doc. No. 60-1 at 13.

8

*Harris Cnty.*, 236 F.3d 240, 249 (5th Cir. 2000); *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988); *Clark v. City of Draper*, 168 F.3d 1185, 1189 (10th Cir. 1999).

However, any substantive due process claim must represent "more than an ordinary tort to be actionable under § 1983," and must "shock the conscience." *Clark,* 168 F.3d at 1189. To reach that level, the government action must be deliberate, rather than merely negligent. *Id*.

First, although Plaintiffs have not directly asserted a Fourth Amendment claim, to the extent Plaintiff claims here that he was wrongfully arrested, "where an arrest is made under authority of a properly issued warrant, the arrest simply not a false arrest. Such an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim." *Thomas v. Sams*, 734 F.2d 185, 191 (5th Cir. 1984).

It is undisputed that Markovich failed to appear on the citations. The fact that Markovich had an outstanding warrant for failing to appear gave the officers probable cause to arrest him. Because there was probable cause for the arrest for the failure to appear, Markovich fails to allege any violation of constitutional rights due to the arrest. *Romero v. City of Richardson*, 166 F.3d 339 (5th Cir. 1998).

Further, the Fifth Circuit has held that "assertedly malicious issuance of summons without probable cause, relative to alleged ordinance violation, did not rise to level of unconstitutional deprivation of liberty without due process...so as to justify maintenance of federal section 1983 action." *Nesmith v. Taylor*, 715 F.2d 194 (5th Cir. 1983).

Second, to the extent Plaintiffs challenge the dumpster citation itself on the basis that Markovich does not own the Dollar Tree property at issue, there is no evidence that Mayor Villere and Brown had *actual* knowledge that Markovich did not own the property, such that the actions complained of here, were deliberate, rather than negligent.

Lastly, the conduct as asserted does not appear to be so offensive such that it does not comport with "traditional ideas of fair play and decency" and "shock the conscience," particularly in light of the convictions on two of three citations. *Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys*, 675 F.3d 849, 868 (5th Cir. 2012)(internal quotations omitted).

On the issue of qualified immunity with respect to this claim, the Court finds that Plaintiffs have not established the inapplicability of the defense. The Fifth Circuit has repeatedly encouraged the district courts to require highly fact-specific pleading in a § 1983 lawsuit who attempts to overcome a plea of

10

*Harlow* qualified immunity. *See Baker v. Putnal,* 75 F.3d 190, 195 (5th Cir. 1996); *Shultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995).

Plaintiffs simply rely on *Cozzo v. Tangipahoa Parish Council— President Government, et al.*, where the Fifth Circuit affirmed the district court's finding that a sheriff and deputies were not entitled to qualified immunity from claims by a plaintiff who had been evicted from her home on the basis of a TRO obtained by her husband. 279 F.3d 273 (E.D. La. 2002). The Court distinguishes *Cozzo* on the basis that the plaintiff therein satisfied both prongs of the substantive due process and qualified immunity analyses: (1) she asserted a clearly established constitutional right to hold and keep property, of which she was deprived, and (2) the officers acted unreasonably in light of her protests and documentary evidence.

The Court finds that Plaintiffs have not only failed to establish the deprivation of a clearly established federal right on these allegations, but also have failed to establish that the officials acted unreasonably. In issuing the citations, Defendants reasonably relied upon the records of the St. Tammany's Assessor's office, which show Markovich as the owner of both properties at

issue.[26] In sum, the individual Defendants are entitled to qualified immunity on this claim.

### *Existence of a Clearly Established Constitutional Right: Equal Protection*

Plaintiff contends that the [deposition] testimony "clearly shows that no other developer or property owner has been cited, arrested and tried for a dumpster violation," that "no other has been cited, arrested and tried for a dumpster violation on property owned by someone else," and that the city officials' decision to target Plaintiff was "irrational" and "not related to a legitimate government interest."[27]

In the equal protection context, Fifth Circuit has extended "class of one" claims to the context of zoning land use and assessment. *Doe v. Dantin*, 11-467, 2014 WL 2045344, at *5 (*citing Nance*, 174 Fed. App'x at 854). A plaintiff may either show that: (1) standards were applied differently to him than to others similarly situated, or (2) that a governmental policy or procedure was selectively enforced against him, by showing that 'the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right. *Bryan v. City of Madison*,

---

[26] Rec. Doc. No. 65-4 at 1.
[27] Rec. Doc. No. 60-1 at 8.

213 F.3d 267, 276-77 (5th Cir. 2000), *cert. denied*, 531 U.S. 1145 (2001).

In the instant case, while the deposition testimony of Mayor Villere[28] and Brown[29] suggests that Markovich is the only person who was rather unusually, investigated and cited by Brown over a dumpster violation, and later subjected to arrest on a concomitant failure to appear on the citation, at least during their tenure, the Court finds no evidence to support the contention that Markovich was intentionally discriminated against in retaliation for the exercise of a constitutional right, or on the basis of race and/or religion.

Moreover, the fact that Markovich was convicted on the permit violation and concomitant failure to appear, undermines the contention that no rational basis existed for at least two of the citations and the subsequent arrest on the warrant that issued for failing to appear. This, combined with the fact that the officials reasonably relied upon public records in issuing the citations leads the Court to conclude that here, Plaintiffs have failed to establish a viable equal protection claim, as well as the inapplicability of qualified immunity.

---

[28] Rec. Doc. No. 60-7 at 9
[29] Rec. Doc. No. 60-14 at 6

### 2. Municipal Liability

Defendants argue that Plaintiffs fail to state a viable claim against the City of Mandeville for the conduct of its officials.[30] A suit against municipal officers in their official capacity is treated as a suit against the municipality itself. To recover against a municipality under § 1983, a plaintiff must demonstrate that his injury was caused by a governmental "policy or custom." Essentially, "[t]hey are liable only for their own acts and not those attributed to them by principles of *respondeat superior*." *Victoria W. v. Larpenter,* 369 F.3d 475, 482 (5th Cir.2004) (*citing Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-92, (1978)). Insofar as Mayor Villere and Brown are being sued in their official capacities, the action is a claim against the City itself.

Here, there is no evidence of the existence of any unconstitutional policy or custom. A custom or policy can stem from a policy statement formally announced by an official policymaker. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 168 (5th Cir. 2010). Alternatively, a custom or policy can be demonstrated through a persistent widespread practice of city officials or employees, which although, not authorized, is so common and well settled as to constitute a custom that fairly represents municipal policy. *Id.* at 168-69.

---

[30] Rec. Doc. No. 65 at 18.

Plaintiffs contend that "[t]he Mayor had a personal mission to see [Markovich] cited and prosecuted....the Mayor's edicts, Brown's...actions, or lack thereof, constituted an official policy to harass" Markovich on the basis of his racial/ethnic background and his support of the mayor's political opponents.[31] Aside from these conclusory allegations, Markovich has done little to factually detail the policy or custom he claims was involved. Conclusory allegations of the existence of an unwritten policy, practice or custom are insufficient. *Von Eschen v. League City Texas*, 233 F.3d 575 (table), 2000 WL 1468838, at *1 (5th Cir. Sept. 8, 2000). Markovich's July 2014 deposition testimony reflects his own uncertainty on this issue as well.

> Q: Okay. And it is your belief that these actions by the city are as a result of supporting Mr. Villere's opponents in prior elections?
>
> A: I am suspecting that is one of the reasons.
>
> Q: Is there another reason you would suspect?
>
> A: Yes. My accent.
>
> Q: Your accent.
>
> A: Yes. I am a foreigner. Some people don't like foreigners.
>
> Q: To your knowledge, has Mr. Villere ever voiced his dislike for foreigners.
>
> A: I never had the pleasure of talking to him face to face.[32]

Plaintiffs do not allege that the issuance of a baseless citation followed Markovich's previous exercise of support for

---

[31] Rec. Doc. No. 60-1 at 13.
[32] Rec. Doc. No. 60-2 at 7-8.

political opponents in prior elections; or that such citations were issued to other non-supporters; nor do they allege that other Jewish residents or business owners were subjected to the same. Plaintiffs have not produced summary judgment evidence of a widespread or persistent policy of racial animus and/or retaliation and/or issuing baseless citations as against Markovich or others that could support municipal liability in this case.

**IV.   CONCLUSION**

Accordingly, and for the reasons enumerated above,

**IT IS ORDERED** that because Plaintiffs have failed to establish entitlement to summary judgment, that the Motion for Summary Judgment be **DENIED.**

**IT IS FURTHER ORDERED** that because Plaintiff has altogether failed to demonstrate: the deprivation of a clearly established federal right; the inapplicability of qualified immunity raised by the individual Defendants; as well as the custom and policy required for municipal liability to attach, that the Section 1983 claims be **DISMISSED WITH PREJUDICE.**

The Court, having dismissed Plaintiff's federal claims, **IT IS FURTHER ORDERED** that Plaintiff's remaining state-law claims be

**DISMISSED** without prejudice, as the Court declines to exercise supplemental jurisdiction over such claims.[33]

Defendants' Motion to Stay (Rec. Doc. No. 72) and Ex/Parte Consent Motion for Leave to File Reply in Support of Motion of Stay (Rec. Doc. No. 84) are hereby **DISMISSED** as **MOOT**.

New Orleans, Louisiana, this 11th day of February, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[33] Rec. Doc. No. 60-1 at 5. Currently pending in state court are the Parties' appeals from Markovich's conviction on the permit violation and acquittal on the dumpster charge.